**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4507**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIE ANDRE JACKSON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:15-cr-00323-WO-1)

Submitted: November 16, 2017                                    Decided: November 28, 2017

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John D. Bryson, WYATT, EARLY, HARRIS & WHEELER, LLP, High Point, North Carolina, for Appellant. Sandra J. Hairston, Acting United States Attorney, Terry M. Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Andre Jackson appeals the 71-month sentence the district court imposed after he pleaded guilty to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). He asserts that the district court imposed a substantively unreasonable sentence. Finding no reversible error, we affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Because Jackson does not argue that his sentence is procedurally unreasonable, we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id*. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [(2012)] factors." *Id*.

Jackson contends that his sentence is substantively unreasonable, arguing that the district court erroneously relied on two circumstances—namely, the presence of firearms during the commission of the crime and his criminal history—both to determine the applicable Sentencing Guidelines range and as a basis for Jackson's particular sentence. This contention fails to overcome the presumption of reasonableness accorded Jackson's within-Guidelines sentence. We therefore discern no abuse of discretion in the district court's imposition of a 71-month sentence.

2

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*